1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

| | |
|---|---|
| **GUSTAVO VARGAS,**             ) <br>          **Petitioner**,     ) <br>           ) <br>       **v.**             ) <br>           ) <br> **UNITED STATES OF AMERICA,**   ) <br>           ) <br>         **Respondent.**    ) <br> _____) | **CV F 04-5746 AWI** <br> **(CR F 02-5050 AWI)** <br><br> **ORDER DISMISSING** <br> **MOTION TO VACATE** <br> **JUDGMENT PURSUANT TO** <br> **F.R.C.P. 60(b)** <br><br> **(28 U.S.C. § 2255)** <br><br> **Document No. 5** |

17

18

19

20

21

22

23

24

25

26

27

28

      On May 20, 2004, Petitioner Gustavo Vargas ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate the sentence of 262 months imprisonment that was imposed following Petitioner's conviction by plea of guilty to one count of conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C., sections 846 and 841(a)(1).  That motion, was denied by the court on February 26, 2006.  The court's docket indicates Petitioner did not file a notice of appeal of the court's order, nor was a certificate of appealability requested by petitioner.  So far as this court is aware, the Ninth Circuit Court of Appeals has not issued any order with respect to Petitioner's sentence as of the date of this writing.  On March 23, 2006, Petitioner filed the instant motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  For the reasons that follow that motion will be denied.

      Petitioner's motion pursuant to Rule 60(b) requests the court reconsider and vacate its

prior judgment with regard to Petitioner's habeas claim of ineffective assistance of counsel. In its order denying habeas relief, the court held the comprehensive waiver of the right to appeal or collaterally attack his conviction that was entered into by Petitioner as a part of the plea agreement was enforceable because Petitioner had freely and knowingly entered into the agreement. The court held there was no ineffective assistance of counsel or any other defect with respect to Petitioner's assent to the terms of the plea agreement that would support the contention that Petitioner's acceptance of the plea offer was not knowing and voluntary.

Petitioner's motion pursuant to Rule 60(b) has two parts. In the first part, Petitioner argues that his motion pursuant to Rule 60(b) should not be considered a successive petition pursuant to 28 U.S.C. § 2255. In the second part, Petitioner sets forth his primary substantive claim that his sentence was improperly enhanced based on the court's determination by preponderance of the evidence of the amount of methamphetamine involved in violation of the rule set forth in Apprendi v. New Jersey, 530 U.S. 446, 490 (2000). Petitioner's other substantive claims are that his acceptance of the plea agreement was not knowing and voluntary and that he was improperly denied rights under the Vienna Convention. As will be discussed infra, the court's determination of whether Petitioner's motion can properly be considered as being pursuant to Rule 60(b) is dispositive of the question of whether the court can address Petitioner's substantive claims. For the reasons that follow, the court will conclude Petitioner has improperly cast his substantive claims as being pursuant to Rule 60(b) and the court therefore lacks jurisdiction to consider Petitioner's substantive claims.

Petitioner's argument that his motion should be considered as being pursuant to Rule 60(b) is based entirely on the Supreme Court's decision in Gonzalez v. Crosby, 545 U.S. 524 (2005) ("Gonzalez"). The Supreme Court's decision in Gonzalez stands for the proposition that, in the context of a Rule 60(b) motion that is subsequent to a motion pursuant to 18 U.S.C. § 2255, the Rule 60(b) is to be considered a successive habeas petition if the Rule 60(b) motion presents a substantive claim attacking the judgment but is not to be considered a successive

2

habeas petition if the point of the Rule 60(b) motion is to attack the integrity of the prior habeas proceeding. Id. at 532-533. The decision in Gonzalez is specifically limited to the context of a Rule 60(b) motion following a petition pursuant to 18 U.S.C. § 2254. See Gonzalez, 545 U.S. at 530 n.3 (noting that 18 U.S.C. § 2255 contains its own provisions for second or successive relief that are not necessarily identical to parallel provisions in section 2254).

In this case, the court need not determine whether or how the Supreme Court's holding in Gonzalez might apply in the instant case. Pursuant to 18 U.S.C. § 2255(e) a district court shall not entertain "a motion pursuant to this section if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief . . . ." Thus, the threshold question is whether Petitioner's Rule 60(b) motion asserts a substantive challenge to the legality of his detention and whether the court has previously denied that challenge.

The substance of Petitioner's Rule 60(b) motion is that his plea was not knowing and voluntary, that the court committed Apprendi error by enhancing his sentence based on an amount of drug involved that was not proven beyond a reasonable doubt, and that the court denied Petitioner rights under the Vienna Convention. These are precisely the claims Petitioner raised in his original motion pursuant to section 2255 and that were denied by the court. To the extent Petitioner may be under the impression that his habeas claims were not addressed on the merits, the court points out that the consideration of a claim of denial of a right has two parts. The court first considers whether the right claimed applies. It is only if the claimed right applies that the court then proceeds to determine if the right was infringed. In Petitioner's case, the court determined that his claimed rights under Apprendi and its progeny and under the Vienna Convention did not apply because Petitioner knowingly and voluntarily executed a comprehensive waiver of his right to appeal and to collaterally attack his sentence in his plea agreement and those waivers were therefore enforceable. In so deciding, the court made a full determination of Petitioner's claims for habeas relief on the merits.

It is plain that Petitioner's Rule 60(b) motion states claims for relief on grounds identical to the grounds already raised by Petitioner in his motion pursuant to section 2255 that was considered and rejected by the court in its order of February 26, 2006. As such, Plaintiff's instant claim for relief pursuant to Rule 60(b) must be construed as a claim for successive habeas relief.

Ninth Circuit law pertaining to the use of Rule 60(b) as a means of presenting claims that would otherwise state a successive claim under section 2255 is well settled. Where "the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), [. . .], the Rule 60(b) motion should be treated as a successive habeas petition." Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998). "Congress has established mandatory, jurisdictional procedures a petitioner must follow in appealing from a district court's denial of relief under § 2255. [A petitioner] cannot avoid these jurisdictional limitations by styling his motion under another name." United States v. Christensen, 119 Fed.Appx. 884, 887 (9th Cir. 2004) (denying Rule 60(b) motion where petitioner did not obtain a certificate of appealability).

Because Petitioner's claims states a claim under section 2255, the court is required to consider Petitioner's Rule 60(b) motion as a successive motion under section 2255. See Ortiz v. Stewart, 195 F.3d 520, 520 (9th Cir. 1999) (ineffective assistance claim raised under Rule 60(b) motion construed as successive section 2255 habeas petition where issue was raised in first habeas petition). Because the court construes Petitioner's motion under Rule 60(b) as a successive habeas petition pursuant to section 2255, Petitioner's ability to raise the substantive underlying claims is delimited by those provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") that apply to habeas petitions generally and to successive motions under section 2255 in particular.

Section 2255 requires that:

"[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light

4

of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offence; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244, subdivision (b)(3) provides that a second or successive habeas petition is not allowed unless the appellate court issues an order authorizing the district court to consider the second or successive petition. A district court must dismiss any second or successive habeas claims where the conditions set forth in section 2244 are not met. See United States v. Allen, 157 F.3d 661, 664 (9 Cir. 1998) (district court lacks jurisdiction to consider successive motion pursuant to section 2255 where certification requirement of section 2244 (b) has not been met). Petitioner does not allege, and the court can find no evidence that Petitioner has sought, or that the appellate court has granted, any order authorizing this court to give consideration to Plaintiff's successive habeas petition. This court must therefore conclude it lacks jurisdiction to consider Plaintiff's motion for relief.

THEREFORE, it is hereby ORDERED that Petitioner's motion pursuant to Rule 60(b) is deemed a second or successive motion pursuant to section 2255 and is DENIED for the reasons discussed above.

IT IS SO ORDERED.

**Dated:     March 9, 2009          **              **/s/ Anthony W. Ishii          **
                                        CHIEF UNITED STATES DISTRICT JUDGE